Wilbur P. Trammel, J.
This is a motion for an order suppressing certain evidence obtained by intercepting telephonic communications pursuant to a warrant granted by the Hon. William Gr. Heffron, County Court Judge on or about the 9th day of September, 1969. The District Attorney of this county procured an eavesdropping warrant pursuant to title III of part "VT of the Code of Criminal Procedure (L. 1968, eh. 546). That pursuant to said code, the warrant stated that it “ shall apply to the person of one Joe Lombardo at number 183 Ken-ville Road, Apartment 1 C ’ and 1084 Parkside Avenue, Buf *1066 falo, New York and conversations by him over telephone numbers 837-9497 and TF6-0540.”
‘ ‘ The type of conversations authorized to be intercepted is the placing of bets in violation of the Penal Law and conversations by Joe Lombardo with others relating to lay-offs of bets already made with him. ”
‘ ‘ The crime to which this warrant relates is promoting gambling in the 1st degree and possession of gambling records in the 1st degree.”
On the 7th day of October, 1969, an order of renewal was granted pursuant to the application made by the District Attorney, Michael F. Dillon, predicated upon the attached affidavit of Detective Octavio D. Derrico. On the 17th of October, 1969, an information sworn to by Joseph J. Dragonette was laid against the defendant Helen Szymanski “that at the City of Buffalo, County of Erie on or about the 6th day of October 1969, one Helen Szymanski of 489 Grant Street in the City of Buffalo did promote gambling in the second degree when she knowingly advanced gambling activity, in that acting other than as a player said defendant, Count I, did, on October 6,1969 while at 491 Grant Street the Pastime Grill in the City of Buffalo, phone a professional bookmaking office, and forward bets or wagers on horse races, said bets or wagers being those of members of the public, and not said defendants own. Count II, Did on October 4, 1969 while at 491 Grant Street in the City of Buffalo the Pastime Grille phone a professional bookmaking office, and forward bets or wagers on horse races said bets or wagers being members of the Public and not those of said defendant. All in Violation of 225.05 P. L.”
The question before the court is whether the interception of the telephonic communications of the defendant not named in the warrant was lawfully obtained and thereby not violative of the Fourth Amendment of the United States Constitution. Subsequent to Berger v. New York (388 U. S. 41) striking down the New York Eavesdropping Law as unconstitutional on its face, the Legislature passed in 1968, sections 814 through 825 relating to issuance and return of eavesdropping warrants. The New York statute was stricken down primarily because it lacked the particularization of describing the place to be searched and the persons or things to be seized. The Legislature in attempting to remedy this, set out the requirements of form and content in section 819, and subdivision 3 thereof states ‘ ‘ a particular description of the person and the place, premises or telephone or telegraph line upon which eavesdropping may be conducted or have been approved and 4. A particular description of the *1067 type of the conversation to be obtained by eavesdropping or which has been approved including the statement of the crime to which it relates It is clear upon the face of the warrant that it relates to one Joe Lombardo and to the crime of promoting gambling in the first degree and possession of gambling records in the first degree. The order of renewal relates to the same crime with the exception of an additional charge, to wit, a conspiracy to commit those crimes. Promoting gambling in the first degree as it relates to bookmaking requires a daily business in excess of $5,000. The defendant in this case is charged with a violation of section 225.05,. a misdemeanor by phoning a professional bookmaking office. In addition thereto, section 822 of the Code of Criminal Procedure directs the steps to be taken when conversation is overheard, the overhearing of which was not otherwise sought pursuant to such warrant. By so doing, the applicant will subject his eavesdropping to the review of the court. The information in this case alleges that the guilty acts took place on the 4th and 6th of October during the live period of the initial warrant. However, when the order of renewal was sought on October 7, no reference is made, no revelation of the name of this defendant is made to the court even though such information was obviously available and even if not known to the applicant, section 822 of the code requires that ‘ ‘ 1. When an eavesdropping warrant has been issued and is being or has been executed pursuant to this title and a conversation is overheard, the overhearing of which was not otherwise sought pursuant to such warrant, and such conversation constitutes evidence of a crime that has been is being or is about to be committed or which will aid in the apprehension of the perpetrator of such crime, an applicant must, as promptly as practicable, apply to the justice who issued such warrant for an order amending such warrant to include such conversation. 2. The application for an order amending an eavesdropping warrant must contain: (a) a statement of facts fully disclosing the circumstances of the overhearing of such conversation including the date of issuance and present status of the eavesdropping warrant and the substance of such conversation; and (b) a statement of facts establishing reasonable cause to believe that such conversation does constitute evidence of a particularly described crime that has been, is being or is about to be committed or which will aid in the apprehension of the perpetrator of such crime. 3. If the justice is satisfied that such conversation was overheard pursuant to the eavesdropping warrant and that such conversation does constitute evidence of a particularly described crime that has been, is being or is about to be committed or which *1068 will aid in the apprehension of the perpetrator of such crime, he may amend such warrant to include such conversation.” It is clear that the public policy of this State as well as the country that eavesdropping at best is a dangerous intrusion into right of privacy and should only be countenanced when done within the constitutional limitations. The memorandum of the Commission on Revision of Penal Law and Criminal Code states the purpose of the bill “ The purpose of this bill is to provide a comprehensive scheme for the restricted issuance of eavesdropping warrants, based upon strict standards of probable cause and necessity, and demanding scrupulous particularity in the description both of the person and place upon which the eavesdropping is to be conducted and the nature of the evidence sought thereby. The new statutory scheme is designed to comply with the constitutional standards enunciated last year by the United States Supreme Court in Berger v. New York (87 S. Ct. 1873, 388 U. S. 41) and Katz v. United States (88 S. Ct. 507, 389 U. S. 347), and by the New York Court of Appeals in People v. Kaiser (21 N. Y. 2d 86, 286 N. Y. S. 2d 801, 233 N. E. 2d 818).” (McKinney’s Sess. Laws of 1968, p. 2293.) The memorandum further states that “ Section 822 relates to a situation where, in the course of executing a valid eavesdropping warrant (which authorizes, of course, the overhearing of a particularly described conversation), the applicant or his designated agent unexpectedly overhears an incriminating conversation that is. totally unrelated to the crime for which the warrant was issued. A line of authority upholds the seizure and use of evidence not specified in a search warrant but discovered in the course of executing such warrant. Similarly, a valid eavesdropping warrant should allow the use of unexpected conversations relating to a crime other than the one under investigation. Since the question is not altogether free from doubt, cogent reasons exist for dealing with it statutorily as does § 822. Subdivision 1 of this section provides that when such unexpected conversation is overheard, the applicant must, as promptly as practicable, apply to the justice who issued the warrant for an order amending such warrant to include such conversation. The application must conform to the requirements prescribed in subdivision 2. (See also § 817). The justice may grant the application to amend the warrant if he is satisfied that the conditions specified in subdivision 3 have been met.” (McKinney’s Sess. Laws of 1968, p. 2296.) Governor Rockefeller in approving the bill June 5, 1968 stated ‘ ‘ The people of this State are entitled to make use of what may be the single most effective and in some cases the only effective weapon available with which to attack and control *1069 organized crime. This carefully drawn bill strikes a balance between the rights of privacy of our citizens and the judicially recognized need for effective means, including the carefully circumscribed use of wiretapping and other electronic eavesdropping devices, to obtain evidence against large scale racketeers whose activities today present an increasing threat to the freedom and strength of our economic and social institutions.” (McKinney’s Sess. Laws of 1968, p. 2377; emphasis supplied.)
Therefore, it is the conclusion of this court that the failure of the District Attorney to comply with section 822 of the Code of Criminal Procedure requires the granting of the order of suppression.