John A. Gallucci, J.
The defendant moves for an order (a) vacating two eavesdropping warrants issued by a Justice of the Supreme Court on March 22, 1971 and March 24, 1971, respéetively; (b) vacating two search warrants issued by the same Justice each dated April 12, 1971; (c) suppressing all evidence obtained against the defendant seized as the result of the execution of the search warrants; and (d) in the alternative, granting the defendant a hearing to vacate the eavesdropping warrants and to controvert the search warrants.
The defendant is charged under the above-numbered long form indictments with the commission of various crimes. Indictment No. 71-71 charges the defendant with the crimes of promoting gambling in the first degree, promoting gambling in the second degree and possession of gambling records in the second degree; Indictment No. 71-72 charges the defendant with the crimes of violating section 265.05 (subd. 2) of the Penal Law (as a misdemeanor) under the first count of the indictment, and violating section 265.05 (subd. 3) of the Penal Law, under the second, third, fourth and fifth counts of the indictment; and Indictment No. 71-110 charges the defendant with the crimes of criminal usury (Penal Law, § 190.40) under the first and second counts, and possession of usurious loan records (Penal Law, § 190.45) under the third count of the indictment.
*647 On September 22, 1971, the court denied the defendant’s original motion for the relief sought on the ground that the defendant had failed to demonstrate standing to attack the eavesdropping warrants, without prejudice, however, to the defendant to reapply for the relief sought upon submission of the proper papers in support thereof.
The factual background and circumstances in these cases are as follows: The defendant is the president and sole stockholder of 119 Rest Inc., a corporation doing business as the Sportsman Pub. On March 22, 1971, an eavesdropping warrant was issued authorizing the interception and recording of all conversations on telephone number 914-623-9627. On March 24, 1971, a second warrant was issued authorizing the wiretapping of all conversations on telephone number 914-623-9516. Each telephone is located at the premises of the Sportsman Pub. Each warrant provided for an eavesdropping period of 30 days and expressly authorized the District Attorney ‘ ‘ to obtain by wiretapping, conversations and discussions pertinent to the said crimes, and the conspiracy to commit said crimes ’ ’, to wit: the crimes of promoting gambling in the first degi-ee and promoting gambling in the second degree, possession of gambling records in the first degree, possession of gambling records in the second degree, and criminal conspiracy in the third and fourth degrees. Pursuant to said warrants, wiretapping was carried on by the People from March 23, 1971 to April 9, 1971.
On April 12, 1971, the Justice who issued the eavesdropping warrants signed two search warrants which authorized a search of the Sportsman Pub, a search of the person of the defendant and others, and a search of the defendant’s apartment. The affidavits in support of the applications for the search warrants were based, in part, on telephone conversations intercepted and recorded by the State Police. The search warrants were executed on April 15,1971. Property was seized and the defendant has been indicted as herein above set forth.
On November 5, 1971, the court granted an application by the defendant directing the People to disclose whether defendant’s conversations were intercepted and recorded, or to produce the wiretap tapes on November 22, 1971, and replay them to the court and the defendant for the purpose of ascertaining defendant’s standing to challenge the warrants. On November 22, 1971, the People acknowledged possession of the tapes and requested an adjournment to November 24, 1971, to permit a review thereof.
*648 On November 24, 1971, the People conceded that conversations of the defendant had been intercepted and recorded, and that the defendant had standing. The People also submitted an order dated November 24, 1971, which amended the eavesdropping warrant of March 24, 1971, to include the conversations of the defendant and the additional crime of criminal usury.
In support of his motion, the defendant alleges: (1) the eavesdropping warrants were issued without probable cause; (2) they failed to properly minimize the interception of communications not otherwise lawfully subject to interception; (3) he has not been given personal notice of the execution of the warrants; (4) he was not named in the warrants as a person whose conversations were to be intercepted and recorded and that the wiretapping of his conversations was illegal; (5) the affidavit used to obtain the amending order of November 24, 1971, was insufficient; and (6) the amending order of November 24, 1971, was not timely obtained.
In opposition, the People contend all of the warrants were lawfully issued and that the defendant’s motion is without merit.
It is fundamental that no eavesdropping warrant can be lawfully issued without a proper showing of probable cause in support thereof (Code Grim. Pro., §§ 816, 817, now CPL 700.15, 700.20). Thus, the first issue to be decided is whether the eavesdropping warrants were issued upon probable cause.
The essential facts relied upon to secure the eavesdropping warrants are set forth in the affidavit of C. L. Purcell, Senior Investigator of the New York State Police. The affiant alleges his belief that a certain Andrew Papaleo and John D’Amico were engaging in illegal gambling activities at the Sportsman Pub. Investigator Purcell specifically sets forth: (1) his personal observations that from February 23, 1971 to March 11, 1971, both named persons made frequent visits to the Sportsman Pub; (2) his personal observations that Andrew Papaleo used the telephone located at the Sportsman Pub; (3) his personal overhearing of the acceptance of sport wagers by Andrew Papaleo at the Sportsman Pub; (4) information from a fellow officer that a customer at the Sportsman Pub stated to the bartender that he was going upstairs to use the telephone to place a bet; and (5) information from a confidential informant of known reliability, who had in the past supplied information leading to the arrest and conviction of known gamblers, that John D’Amico and Papaleo were accepting sport wagers at the Sportsman Pub.
*649 The court finds that the eavesdropping warrants were issued based upon probable cause. As stated in People v. Sutton (38 A D 2d 567) “ the affidavit * * * £ spelled out in sufficient detail circumstances from which a ‘ ‘ neutral and detached magistrate ” could independently determine that probable cause existed for the warrant to issue ’ (People v. Montague, 19 N Y 2d 121, 123; see, also, Aguilar v. Texas, 378 U. S. 108; People v. Maddox, 24 N Y 2d 924).” The court also finds that the warrants complied both in content and form to the statutory requirements set forth in section 819 of the Code of Criminal Procedure, now GPL 700.30.
The next issue to be determined is whether the conversations of the defendant, a person not named in the warrants, were lawfully intercepted.
In People v. Szymanski (62 Misc 2d 1065) the court ruled that when conversations of a person not named in an eavesdropping warrant are intercepted, such conversations are illegally obtained and must be suppressed. (See, also, People v. Gnozzo, 64 Misc 2d 599.) The Appellate Division of this department has also indicated that in the absence of an amendment of the eavesdropping warrant, intercepted conversations of a person not named in the warrant may not be used upon a subsequent criminal prosecution against such a person. (People v. D’Amico, 37 A D 2d 730.) In each case, conversations were intercepted of a person not named in the eavesdropping warrant and the warrant had not been amended to include such conversations.
Statutory authority for the amendment of an eavesdropping warrant is set forth in CPL 700.65 (subd. 4) effective September 1, 1971, which provides as follows: 11 When a law enforcement officer, while engaged in intercepting communications in the manner authorized by this article, intercepts a communication which was not otherwise sought and which constitutes evidence of any crime that has been, is being or is about to be committed, the contents of such communications, and evidence derived therefrom, may be disclosed or used as provided in subdivisions one and two. Such contents and any evidence derived therefrom may be used under subdivision three when a justice amends the eavesdropping warrant to include such contents. The application for such amendment must be made by the applicant as soon as practicable. If the justice finds that such contents were otherwise intercepted in accordance with the provisions of this article, he may grant the application.”
*650 CPL 700.65 is the successor provision to former section 825 of the Code of Criminal Procedure. Section 825 of the Code of Criminal Procedure became effective on the thirtieth day after May 26, 1969, and was itself the successor provision to former section 822 of the Code of Criminal Procedure effective in New York State on June 5, 1968. In addition, said former section 825 of the Code of Criminal Procedure was a part of the statutory scheihe enacted by the State in 1969 in response to the United States Omnibus Crime Control and Safe Streets Act of 1968 (82 U. S. Stat. 197).
The court has reviewed the memorandum of Richard J. Bartlett, Chairman of the Temporary Commission on Revision of the Penal Law and Criminal Code (Memorandum — Re: A. 9017, partially set forth as Note 1 attached hereto), and also section 2515 of title 18 of the United States Code, as added by section 802 of the Omnibus Crime Control and Safe Streets Act of 1968 as originally enacted. The memorandum sets forth that the provisions governing an amendment of an eavesdropping warrant are clearly applicable to communications involving a new crime which was not specified in the eavesdrbpping warrant. (See, also, People v. Ruffino, 62 Misc 2d 653.) The statutory background does not, however, indicate that an amendment is required when only conversations of a person not named in the warrant are intercepted but no new crime is involved.
In the instant cases, the eavesdropping warrants were issued upon probable cause that gambling crimes and criminal conspiracy to commit the same were being -Conducted by two named individuals. They provided that them conversations and “ the conversations of others acting in consort with him” (emphasis supplied by the court) will constitute evidence of such crimes. Only the telephones authorized have been wiretapped herein. There has been no surveillance of new premises or telephones, and conversations of the defendant intercepted do allegedly relate to the very same crimes specified in the eavesdropping warrants. As a person whose conversations have been intercepted, the defendant has standing to challenge the warrants independent of any amendment thereof. This court can perceive no benefit accruing to the defendant by requiring the warrants to be amended to include his conversations relating to such crimes-, or that any prejudice would result to him absent an amendment.
While this court is of the opinion that no amendment is required with respect to conversations relating to the crime or crimes referred to in the eavesdropping warrants in the *651 circumstances of this case, nevertheless, the court is constrained to follow People v. D’Amico (37 A D 2d 730, supra). The court concludes, therefore, that in the absence of a valid amendment of the eavesdropping warrants, the conversations of the defendant would be subject to suppression.
On November 24, 1971, the Justice who issued the eavesdropping and search warrants signed an order amending the eavesdropping warrant of March 24, 1971. The order was applied for by the District Attorney who alleged that while executing the wiretap order of March 24, 1971, conversations were intercepted which had not been anticipated or sought, namely, conversations of the defendant disclosing that the defendant was engaged in gambling and usurious transactions. The order amended the warrant of March 24, 1971, to include the conversations of the defendant and the crime of criminal usury.
The effect of the order requires a twofold determination by the court due to the dual nature of the defendant’s conversations, namely, the conversations relate not only to the crimes specified in the eavesdropping warrants, but also to a new crime.
CPL 700.65 (subd. 4) mandates that an amendment of an eavesdropping warrant be obtained “ as soon as practicable ”. The statute does not, however, define the time within which an amending order may be granted and any determination thereof must properly balance the rights of both the People and a defendant.
The invasion of an individual’s right of privacy is not to be lightly condoned, whether it involve the person himself, his dwelling or his telephone conversations. It is permissible only when there is probable cause that a crime is being committed. Thus, when the interception of a conversation discloses that a crime not contained in the eavesdropping warrant is being committed, an order amending the eavesdropping warrant should be immediately obtained and surveillance continued only after a judicial determination of probable cause that the new crime is being committed (People v. Ruffino, 62 Misc 2d 653, supra). This procedure is reasonable as the probable cause justifying the original warrant may not demonstrate probable cause with respect to the new crime. In other words, surveillance as to the new crime can be continued only by amending the existing warrant forthwith or obtaining a new warrant. On the other hand, when a conversation of a person not named in the warrant is intercepted and the conversation relates only to the crime set forth in the warrant, since probable cause of such *652 crime has already been determined, a new determination of probable cause is not required. In such case, the amendment of the warrant to include the new person’s conversations is simply a ministerial act and can be carried out at a subsequent time.
The court finds, therefore, that as to those conversations of the defendant which relate solely to the crimes specified in the eavesdropping warrants, the amending order of November 24, 1971, was timely granted. As to those conversations, however, which relate to a crime not set forth in the eavesdropping warrants, namely, the alleged crime of criminal usury, the court finds that the People’s interception was unlawful since the People did not immediately amend the warrants to include such new crime.
The court further finds the order of November 24, 1971, was granted upon sufficient papers and information in support thereof (People v. Cerio, 67 Misc 2d 915). The court also construes said order as amending the March 22, 1971, eavesdropping warrant. The warrant of March 24, 1971, was basically an amendment to and did not supersede the warrant of March 22,1971. The court finds no merit to the defendant’s claim that his conversations must be suppressed because of the failure of the People to amend the March 22,1971, eavesdropping warrant.
Lastly as to the defendant’s contention that the eavesdropping warrants have been rendered invalid by the failure of the People to personally serve the defendant with notice of the execution thereof (See Code Crim. Pro., § 822, now CPL 700.50), there is absolutely no proof submitted by the defendant demonstrating that he has been prejudiced by his failure to personally receive such notice. The defendant has standing to attack the validity of the warrants independent of any such notice and indeed, by this motion is exercising such standing. The defendant himself admits that he is the sole stockholder and president of 119 Rest Inc., doing business as The Sportsman Pub, the record owner of the telephones wiretapped. There is no allegation that said corporate owner was not given notice of the execution of the warrants. Absent a clear showing by the defendant that he has been prejudiced by his failure to receive personal notice thereof, the court finds no basis for granting the relief requested.
Accordingly, the defendant’s motion is granted to the extent that the defendant’s conversations relating to the crime of criminal usury are suppressed; otherwise denied.
*653 The court’s decision is, however, specifically limited to those requests of the defendant challenging the legality of the issuance of the eavesdropping and search warrants and the legality of the execution of the eavesdropping warrants. The only ground alleged by the defendant is that his conversations have been unlawfully intercepted and that the search warrants and property seizure flowing therefrom must be suppressed. No other grounds are set forth challenging the validity of the search warrants or the admissibility of the property seized. The court’s decision is, therefore, without prejudice to the defendant to otherwise move to suppress the use in evidence of any of the property seized on grounds, if any, not alleged in this present application.
Note 1 — Excerpt from Memorandum of Richard J. Bartlett, Chairman of the Temporary Commission on Revision of the Penal Law and Criminal Code, Memorandum — 'Re: A. 9017
" Section 822 relates to a situation where, in the course of executing a valid eavesdropping warrant (which authorizes, of course, the overhearing of a particularly described conversation), the applicant or his designated agent unexpectedly overhears an incriminating conversation that is totally unrelated to the crime for which the warrant was issued.
“A line of authority upholds the seizure and use of evidence not specified in a search warrant, but discovered in the course of executing such warrant. Similarly, a valid eavesdropping warrant should allow the use of unexpected conversations relating to a crime other than the one under investigation.
“ Since the question is not altogether free from doubt, cogent reasons exist for dealing with it statutorily, as does section 822. Subdivision 1 of this section provides that when such unexpected conversation is overheard, the applicant must, as promptly as practicable, apply to the justice who issued the warrant for an order amending such warrant to include such conversation. The application must conform to the requirements prescribed in subdivision 2 (see also sec. 817). The justice may grant the application to amend the warrant if he is satisfied that the conditions specified in subdivision 3 have been met.”