THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAMUEL ZORN, Appellant.

First Department, March 14, 1972.

*Arnold E. Wallach* of counsel (*Peter J. Peluso,* attorney), for appellant.

*Robert A. Goldschlag* of counsel (*Michael R. Juviler* and *Barry M. Fallick*; *Frank S. Hogan, District Attorney*), for respondent.

McNALLY, J. Defendant-appellant appeals from a judgment of conviction entered on his plea of guilty of possession of gambling records in the second degree. The plea followed the denial of defendant's motion to suppress evidence obtained by the interception of telephonic communications and the search of certain premises. The eavesdropping warrant dated March 23, 1970 authorized the interception of telephonic communications of Nellis Slayka, also known as Nat Brown, and Natale LoCicero pertaining to the crimes of promoting gambling as a felony and conspiring to promote gambling over the telephone line Nos. TE 2-8645 and 754-9502. The authorized telephonic interception revealed information that the place assigned telephone No. 243-0538, to wit, 418 West 17th Street, N. Y., Apartment 2-7J, contained gambling records. Thereon a search warrant dated April 21, 1970 issued for the search of said apartment for the seizure of records of an unlawful gambling business. The search warrant was executed April 22, 1970. During the search of the apartment, defendant opened its door with a key and was arrested.

The eavesdropping warrant was validly issued on probable cause, and observes the Federal and New York constitutional requirements. (*Berger* v. *New York*, 388 U. S. 41; Code Crim. Pro., § 816; CPL art. 700.) Thereby it was proper to intercept any conversation with Slayka over the specified telephone lines relating to the specified gambling crimes. So long as any such telephone conversation with Slayka related to the said crimes, it was subject to interception regardless of the identity of the other person and the fact that he was not identified by name in the warrant. *People* v. *D'Amico* (37 A D 2d 730 [2d Dept.]), and *People* v. *Gnozzo* (64 Misc 2d 599, affd. 37 A D 2d 922 [4th Dept.]), to the extent they require the eavesdropping warrant to name the person or persons with whom the person named in the warrant is to have the conversation pertaining to gambling crimes, imports a requirement not mandated by the Fourth Amendment to the United States Constitution and section 12 of article I of the Constitution of New York. The probable cause which sustains the warrant as to Slayka also supports it with respect to all persons with whom he conversed over the described telephone lines on the subject of gambling crimes.

Defendant's reliance on subdivision 4 of section 825 of the Code of Criminal Procedure (now CPL 700.65, subd. 4) is

misplaced. Thereby a communication "not otherwise sought" may be used as evidence prior to amendment of the warrant. Here precisely what was sought under the warrant was the conversation sought to be suppressed. It may well be, although we do not now decide, a violation of section 825 would have occurred if the telephone conversation intercepted did not relate to gambling crimes.

If we did not sustain the eavesdropping warrant, we would direct a hearing on defendant's standing to challenge it because he does not admit the telephone conversation allegedly implicating him.

The judgment should be affirmed.

CAPOZZOLI, J. (dissenting). In this case the question which is raised is whether the search warrant, which was executed by the People as the result of information obtained while listening to the conversations over the telephone for which they had an authorized wiretap order against one, Slayka, can be sustained where the information concerning the activities of Zorn, the defendant herein, was obtained during the course of a monitored conversation between him and Slayka. It appears, on the authority of *People* v. *D'Amico* (37 A D 2d 730) and *People* v. *Gnozzo* (64 Misc 2d 599, affd. 37 A D 2d 922) that whatever Zorn may have been overheard to say could not be used in a subsequent application for a search warrant because he was not mentioned in the original wiretap order which was directed only as against Slayka. As a matter of fact subdivision 4 of section 825 of the Code of Criminal Procedure (now CPL 700.65, subd. 4) provides that an application could have have been made by the People to amend the original wiretap order to include whatever Zorn was saying. This the People failed to do.

Accordingly, the evidence should be suppressed and the judgment reversed.

NUNEZ and KUPFERMAN, JJ., concur with McNALLY, J.; CAPOZZOLI, J., dissents in an opinion, in which STEVENS, P. J., concurs.

Judgment, Supreme Court, New York County, rendered on March 23, 1971, affirmed.