Martin Schenck, J.
This is a motion to suppress evidence obtained by wiretap. The defendant has not been indicted but there have been a felony complaint and two misdemeanor informations filed against him charging violations of sections 225.05, 225.15 and 225.20 of the Penal Law. Pursuant to CPL 710.50 (subd. 1, par. [b]) the motion is properly before this court despite the absence of an indictment to date.
The facts involved are not substantially controverted. An eavesdropping warrant was issued pursuant to section 815 of the Code of Criminal Procedure, then in effect. That section authorizes the issuance of such a warrant upon ex parte application of a District Attorney under certain prescribed circumstances. In this case the warrant was issued on application of the District Attorney of Albany County upon the basis of a supporting affidavit of a New York State Police Officer who had been investigating alleged gambling activities on the part of one Paul Roth. At a hearing upon defendant’s motion to suppress it was clearly demonstrated that the eavesdropping warrant was issued upon sufficient evidence as far as the said Roth is concerned. The warrant specified two telephones listed under the name of one Rose, which apparently is an alias of Roth. In any event, the only person named in the warrant is the said Roth.
Pursuant to the warrant State Police Officers tapped the wires involving the specified phones. In the course of the eavesdropping that followed the officers intercepted numerous conversations engaged in between Roth and other persons, one of whom was the defendant herein. The affidavit supporting the issuance of the warrant is devoid of any reference to this defendant nor is there any other indication as the record now stands to show that, prior to the tap on Roth’s telephones, the defendant was in any way under investigation or suspicion for violation of the Penal Law sections involving gambling. Upon the basis of the recorded wiretaps a warrant was obtained to search premises occupied by the defendant. Evidence resulting from that search was seized and used in effecting defendant’s arrest and the laying of charges against him. The question presented is whether or not the evidence, stemming entirely from an eavesdropping warrant directed against Roth and authorizing tapping of Roth’s two telephones, can be used against this defendant.
The question of eavesdropping and tapped telephone lines has long been a matter subject to litigation and concern in the courts. The fundamental issue involved has been discussed in numerous decisions of the Supreme Court of the United *510 States. Apropos thereof is Katz v. United States (389 U. S. 347). It is therein stated (p. 357) “that searches conducted outside of the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment— subject only to a few specifically established and well-delineated exceptions ”. It is abundantly clear from the foregoing and other pronouncements by the Supreme Court that there must be strict compliance with provisions of law permitting eavesdropping. Such provisions provide exceptions to the rights of individuals to be protected against unauthorized and unreasonable searches and seizures, including their rights to privacy not only in their homes but on the telephone. Section 12 of article I of New York’s Constitution affords these safeguards in the same manner as the Fourth Amendment to the Constitution of the United States. It is, therefore, abundantly clear that statutes authorizing interference with the rights of an individual to use his telephone with privacy must be strictly construed and any failure of compliance with legal requirements authorizing eavesdropping must deprive prosecuting authorities from using the fruits of such eavesdropping against the individual involved.
As far as Both is concerned the requirements of law were met. The information derived from tapping his wires is clearly admissible against him. The information leading to the charges against this defendant, however, is a mere by-product of the evidence secured against Both. There was a specific procedure available under section 825 of the Code of Criminal Procedure (now CPU 700.65, subd. 4) which authorizes an amendment of an eavesdropping warrant to cover the very situation which has arisen here. Under that section the authorities, upon identifying this defendant and obtaining information as to possible violations of law by him, could have sought recourse to the court for amendment of the original warrant for the purpose of incorporating authorization to eavesdrop on the defendant as well as Both. The section specifically states that such an application for amendment must be made ‘ ‘ as soon as practicable It is conceded that no such application was made at any time.
The standing of the defendant to object on constitutional grounds to the seizure and use of his conversation cannot be and is not disputed. It is agreed on both sides that, in fact, it was the defendant’s conversation that was intercepted. He is, therefore, properly before the court upon this motion. (See Alderman v. United States, 394 U. S. 165.) The only issue that *511 confronts us, therefore, is the question of whether his constitutional rights were violated when the authorities, after identifying him on the wiretaps, continued to intercept his conversations and to use them in bringing criminal charges against him without amending the original warrant which was directed only against Roth. There is a sharp conflict in conclusions reached upon this point in the Second and Fourth Departments on one hand and in the First Department on the other. On the basis of the rationale expressed in People v. D’Amico (37 A D 2d 730 [unanimous decision, 2d Dept.]) and People v. Gnozzo, (64 Misc 2d 599, affd. without opn. 37 A D 2d 922 [4th Dept.]) this court is constrained to reach the conclusion that the defendant’s constitutional rights have been violated and that the motion to suppress the wiretap evidence in question must be granted.
In D’Amico the collateral issue was raised as to whether, in fact, it was conversation by the defendant that was intercepted pursuant to a warrant authorizing eavesdropping on another person’s telephone. The court stated “if * * * he can show that his conversations were in fact intercepted and that such conversations were in part the basis upon which the search warrant was granted, the incriminating evidence obtained as a result of search could be suppressed, since subdivision 4 of section 825 of the Code of Criminal Procedure had not been complied with ”. The case was remanded in order to give the defendant an opportunity to examine the recorded interceptions for the purpose of establishing that it was indeed his conversations that were intercepted. As noted above, that problem is not present here. Accordingly, D’Amico is solid authority for the granting of the suppression motion in the case now before us.
The facts in Gnozzo are essentially similar to those in the instant case. The County Court (Erie) found (64 Misc 2d at p. 604) that “interception and use of Gnozzo’s conversation was * * * impermissible under established constitutional standards ”. As noted above, this decision was affirmed by the Appellate Division, Fourth Department, without opinion. The most recent decision on this issue is People v. Zorn (38 A D 2d 359). Essentially the same factual issue existed in Zorn as in D’Amico and Gnoszo. The First Department, however, by a three to two decision in effect held that D’Amico and Gnoszo were in error. Referring to the latter two cases, the majority opinion states (p. 360): “ to the extent they require the eavesdropping warrant to name the person or persons with whom the person named in the warrant is to have the conversation per *512 taining to gambling crimes, imports a requirement not mandated by the Fourth Amendment to the United States Constitution and section 12 of article 1 of the Constitution of New York”. The opinion then goes on to say (pp. 360-361): “ Defendant’s reliance on subdivision 4 of section 825 of the Code of Criminal Procedure (now CPU 700.65, subd. 4) is misplaced”.
The fact that Zorn is a split decision and D’Amico and Gnosso are unanimous is not necessarily controlling on this court. It is, however, significant when one examines the dissenting opinion of Mr. Justice Capozzoli (in which Presiding Justice Stevens concurs). That dissent adopts the rationale of D’Amico and Gnosso and sets forth the basis upon which this court now feels constrained to find that the constitutional rights of the present defendant would be violated by permitting the wiretap evidence in question to be used against him. I can find no authority upon the subject in the Third Department.
In view of the fact that the sole basis for the pending charges against this defendant resulted from the afore-mentioned eavesdropping based on the warrant directed toward Both, the motion to suppress the recorded conversations of the defendant, as well as the evidence seized in the search of his premises following such eavesdropping, is granted. It follows that the felony complaint and the misdemeanor informations are dismissed.