Johet J. McCall, J.
Defendant here moves for an order of suppression of evidence, consisting of certain papers, writing and records taken from the defendant at a search of the premises of the defendant at 504 Hudson Avenue in the City of Albany, N. Y. The search was conducted under the authority of a warrant the basis of which the defendant claims came into being because of a violation of his constitutional rights against search and seizure under the Fourth Amendment of the United States Constitution and under the provisions of section 12 of article I of the New York State Constitution.
Factually the situation is this: An eavesdropping warrant was issued authorizing the interception of calls over two telephone numbers set forth in the warrant to be listed in the name of Paul Rose (undoubtedly Roth) and unlawful gambling conversations were sought. The tapping of the numbers brought to light the circumstances of someone calling from the Roth number and engaging in gambling conversations with the defendant. These talks and conversations of the defendant were intercepted and recorded and apparently formed the basis of the search warrant, led indirectly to the search and the defendant’s arrest. The original wiretap order was never at any time amended to include the conversations of the defendant.
At the time this interception took place subdivision 4 of section 825 of the Code of Criminal Procedure (now CPL 700.65, subd. 4) required that when a communication not otherwise sought had been intercepted, the same may be used when a Justice amends the eavesdropping warrant to include its contents. Does failure to obtain the amendment make unlawful the use of the conversations to the extent that no valid search warrant could be based thereon?
*361 The question is not new hut there is divided opinion among our appellate courts as to the answer. In People v. D’Amico (37 A D 2d 730 [2d Dept.]) the court held the failure to amend the original order was an error fatal to the proper use of the interceptions. The court said (p. 731): “If [the defendant] can show that his conversations were in fact intercepted and that such conversations were in part the basis upon which the search warrant was granted, the incriminating evidence obtained as a result of search could be suppressed, since subdivision 4 of section 825 of the Code of Criminal Procedure had not been complied with.” Apparently the court felt failure to meet the statutory standard was enough to vitiate the procedure followed. No direct reference was made to either the State or Federal Constitution. In People v. Gnozzo (64 Misc 2d 599, affd. without opn. 37 A D 2d 922 [4th Dept.]) the record there shows an interception of the defendant’s conversations from the receiving end of a tapped line and their use as a basis for a search warrant. The original wiretapping order was never amended. The court flatly stated the taking of the defendant’s conversation was under the circumstances a violation of his rights under both Constitutions and made no reference to the statute providing for the amendment. The court specifically refused to accept the “ plain view” doctrine as discussed in People v. Ruffino (62 Misc 2d 653, 654). Briefly that principle is “ that an object falling within the plain view of an officer who has a right to be in position to have that view, can be received into evidence”. In People v. Zorn (38 A D 2d 359) the court held that there was no constitutional requirement that the warrant contain the name of persons with whom the persons named in the warrant had the conversations and that reliance on section 825 of the Code of Criminal Procedure was misplaced. Here, in effect, was an acceptance of the “ plain view” theory, yet at the same time a simple overlooking or brushing aside of a statutory mandate. In Ruffino (supra) there was a discussion of this whole matter. The Justice pointed out (p. 658) that there was a line of cases supporting the use of evidence not specified in the warrant, yet he also pointed out that the commission on revision of the Penal Law and Criminal Code in speaking on the 1968 eavesdropping legislation said in part “‘A line of authority upholds the seizure and use of evidence not specified in a search warrant but discovered in the course of executing such warrant. Similarly, a valid eavesdropping warrant should allow the use of unexpected conversations relating to a crime other than the *362 one under investigation. Since the question is not altogether free from doubt, cogent reasons exist for dealing with it statutorily, as does § 822. Subdivision 1 of this section provides that when such unexpected conversation is overheard, the applicant must, as promptly as practicable, apply to the justice who issued the warrant * * * to include the conversation’”. Here we see a recognition by a court who believes in the “plain view” doctrine that the amendment procedure provided for by statute is an additional procedural safeguard for an individual’s rights. The ultimate holding in Ruffino that the interception could be used was based on the fact that the amendment there was not untimely and even then under the circumstances there unnecessary, for interception ceased after the first one. There certainly was no rejection of the necessity for an amendment and it is interesting to note that the Justice who wrote the opinion in Ruffino was a concurring Justice in D’Amico. From all of this it is the conclusion here that the answer to the question is found in D’Amico.
It is the judgment of this court that that failure to amend the eavesdropping warrant issued to permit the tapping of Rose’s wire to include the intercepted conversations of this defendant made improper the use of those conversations as the basis for a search warrant, the search conducted under color of it likewise becomes invalid and the property seized during the search is suppressed as evidence.