Thomas Aloi, J.
The defendant, Eddie Kelly, through his attorney moves for an order (a) to inspect the minutes of the Grand Jury and the evidence upon which said indictment was based and (b) to suppress certain telephone conversations obtained under a wiretap order and (c) for an order dismissing the indictment as to the defendant, Eddie Kelly.
The facts indicate that on the fifth day of March, 1969, an eavesdropping warrant was obtained by members of the *980 Syracuse Organized Crime Section, authorizing eavesdropping on telephone communications by and at the residence of the codefendant, Benjamin Taylor, at 102 Croly Street, Syracuse, New York. In the course of the eavesdropping that followed the officers intercepted numerous conversations engaged in between Taylor and other persons, one of whom was the defendant, Eddie Kelly. The affidavit supporting the issuance of the warrant is devoid of any reference to this defendant, nor was his name mentioned in the actual eavesdropping warrant.
Upon the inspection of the Grand Jury minutes and upon hearing the tapes, referred to therein, this court finds the sole basis of the indictment resulted from evidence obtained from the conversations the defendant Eddie Kelly had with the defendant Benjamin Taylor.
The question to be determined upon this motion is whether the defendant, Eddie Kelly’s constitutional rights were violated when authorities, after identifying him on the wiretaps, continued to intercept his conversations and to use them in bringing criminal charges against him, without amending the original warrant, which was directed only against Benjamin Taylor.
As the court stated in People v. Ferrandino (69 Misc 2d 508, 511): “ There is a sharp conflict in conclusions reached upon this point in the Second and Fourth Departments on one hand and in the First Department on the other. On the basis of the rationale expressed in People v. D’Amico (37 A D 2d 730 [unanimous decision, 2d Dept.]) and People v. Gnozzo (64 Misc 2d 599, affd. without opn. 37 A D 2d 922 [4th Dept.])” and that of People v. Zorn (38 A D 2d 359 [1st Dept.]) wherein in effect the Appellate Division of the First Department held that D’Amico and Gnozzo were in error.
The courts in D’Amico and Gnozzo held that when conversations of a person not named in an eavesdropping warrant are intercepted, such conversations are illegally obtained and must be suppressed. In each case, conversations of a person not named in the eavesdropping warrant were intercepted and the warrant had not been amended to include such conversations. The court in Zorn {supra) held in effect that such conversations were legally obtained and not subject to suppression (see, also, People v. Di Lorenzo, 69 Misc 2d 645).
The above conflict has now been resolved by the Court of Appeals in a recent decision, People v. Gnozzo and People v. Zorn (31 N Y 2d 134), wherein the court affirmed People v. Zorn (supra) and reversed and remanded People v. Gnozzo (supra). The court stated (p. 142) of the decision, that: “ The Code of *981 Criminal Procedure (§ 817, subd. 2, par. [b]) then provided to the same effect as the CPL (700.20, subd. 2, par. [b]) which provides that an application for an eavesdropping warrant must contain ‘ (iii) a particular description of the type of the communications sought to be intercepted, and (iv) the identity of the person, if known, committing such designated offense and whose communications are to be intercepted.’ (Emphasis supplied.) * * * The statute required identification only of those known, thus excluding those whose identity is unknown.”
The court further stated (p. 142) that: 1 ‘ The contents of a communication intercepted pursuant to a valid warrant may be disclosed ‘ in any criminal proceeding in any court or in any grand jury proceeding ’ (CPL 700.65, subd. 3; Code Crim. Pro., § 825, subd. 3). There is no requirement the communication be used only against named suspects.
The defendant herein, as the defendant in Zorn (supra), contends that the proper method would have been to amend the warrant pursuant to subdivision 4 of section 700.65 of the Criminal Procedure Law, which provides: “ When a law enforcement officer, while engaged in intercepting communications in the manner authorized by this article, intercepts a communication which was not otherwise sought and which constitutes evidence of any crime that has been, is being or is about to be committed, the contents of such communications, and evidence derived therefrom, may be disclosed or used as provided in subdivisions one and two. Such contents and any evidence derived therefrom may be used under subdivision three when a justice amends the eavesdropping warrant to include such contents. The application for such amendment must be made by the applicant as soon as practicable. If this justice finds that such contents were otherwise intercepted in accordance with the provisions of this article, he may grant the application.” (Emphasis added.)
This section does not apply to a situation wherein the communications intercepted involve the crime specified in the warrant, the named suspect and an unknown outside party, at least in this instance, the communications are “ sought” and no amendment is required (see People v. Zorn, People v. Gnozzo, supra). The communications involved herein related to the drug crimes which were specifically named in the warrant, and therefore were not crimes “ not otherwise sought ”, and an amendment to include the defendant, Kelly, was not necessary. The Court of Appeals in People v. Gnozzo; People v. Zorn (supra), stated (p. 143): “ Whether an amendment is required *982 depends on the disclosure of a different crime, and perhaps on other circumstances, but not against whom the communication is to be used.”
The Federal courts have consistently held the eavesdropping statutes and warrants valid, and the conversations useable against persons not named in the warrants. (United States v. Cox, 449 F. 2d 679, 686-687; United States v. Iannelli, 339 F. Supp. 171, 177; United States v. LaGorga, 336 F. Supp. 190, 192-193; United States v. King, 335 F. Supp. 523, 531-532, 538-539; United States v. Perillo, 333 F. Supp. 914, 921; United States v. Sklaroff, 323 F. Supp. 296, 325; United States v. Escandar, 319 F. Supp. 295, 301.)
Therefore, when an eavesdropping warrant is validly issued against a named person, the fact that an individual not named in the warrant is implicated in a crime which was originally ‘ ‘ sought ’ ’ and named in the warrant, the evidence obtained against that individual is admissible and does not violate his constitutional rights.
The defendant’s motion to dismiss the indictment and to suppress certain evidence obtained by the wiretap are therefore denied.